**VIRGINIA**

RECEIVED AND FILED
CIRCUIT COURT
APR 12 2019  8:30
EDWARD F. JEWETT, CLERK
BY ____ D.C.

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

TZANN FANG, MD                                )
                                              )
    Plaintiff,                                )
                                              )
v.                                            )   Case No.: CL19-1978-7
                                              )
HYATT CORPORATION                             )
Serve: Corporation Service Company            )
       Registered Agent                        )
       100 Shockoe Slip, 2nd Floor             )
       Richmond, VA 23219                      )
                                              )
and                                           )
                                              )
TYSONS CORNER HOTEL PLAZA                     )
LLC                                           )
Serve: CT Corporation System                  )
       Registered Agent                        )
       4701 Cox Rd. Ste 285                    )
       Glen Allen, VA 23060                    )
                                              )
and                                           )
                                              )
HELIX ELECTRIC, INC.                          )
Serve: CT Corporation System                  )
       Registered Agent                        )
       4701 Cox Rd. Ste 285                    )
       Glen Allen, VA 23060                    )
                                              )
    Defendants.                               )

## COMPLAINT

Plaintiff Tzann Fang, MD, by counsel, seeks judgment against Defendants Hyatt Corporation, Tysons Corner Hotel Plaza LLC, and Helix Electric, Inc. on the grounds and in the amount set forth herein.

EXHIBIT 1

## PARTIES

1. Plaintiff Tzann Fang, MD ("Plaintiff") is a resident of the Commonwealth of Virginia residing at 13506 Chesdin Landing Drive, Chesterfield, Virginia 23838.

2. Defendant Hyatt Corporation ("Defendant Hyatt") is a Delaware corporation with its principal place of business located at 150 N. Riverside Plaza, 14th Floor, Chicago, Illinois 60606.

3. Defendant Tysons Corner Hotel Plaza LLC ("Defendant Tysons Corner") is a Delaware corporation with its principal place of business at 401 Wilshire Boulevard, Suite 700, Santa Monica, California 90401.

4. Defendant Helix Electric, Inc. ("Defendant Helix") is a California corporation with its principal place of business at 6795 Flanders Drive, San Diego, California 92121.

## FACTUAL ALLEGATIONS

5. On October 21, 2017, Plaintiff and his wife, Ms. Fang, checked into the Hyatt Regency Hotel at 7901 Tysons One Place, Tysons Corner, Virginia (the "Premises").

6. Upon information and belief, the Premises are owned and operated by Defendants Hyatt and Tysons Corner.

7. Defendants Hyatt and Tysons Corner hired Defendant Helix to install the smoke detectors and fire alarm systems on the Premises in 2014.

8. During Plaintiff and Ms. Fang's October 21 stay on the Premises, Mrs. Fang took a shower that created a large amount of steam in the Fangs' hotel room.

9. The hotel room's smoke detector was installed in close proximity to the bathroom door and, consequently, the steam from Mrs. Fang's shower set off the fire alarm.

10. The smoke detectors selected and/or installed by all defendants have a known propensity to trigger when placed in close proximity to steam or vapor.

11. The fire alarm box was installed in close proximity to the bed, which Plaintiff was sitting on at the time of the incident.

12. Plaintiff has a physical handicap and could not exit the room without the assistance of his wife, who was in the shower when the fire alarm went off.

13. The delay in exiting the hotel room and Plaintiff's proximity to the fire alarm box exposed him to the extremely loud sound of the fire alarm for an extended amount of time.

14. Shortly after Plaintiff's exposure to the fire alarm, he began to suffer pain intractable tinnitus.

15. Tinnitus is the perception of noise or ringing in the ears and is a symptom of ear injury.

16. This chronic ringing in Plaintiff's ears has not ceased, is expected to persist for the rest of his life, and continues to severely affect his quality of life.

17. Specifically, the ringing in Plaintiff's ears is so loud and incessant that it prevents him from falling asleep and staying asleep.

18. Plaintiff's condition has also inadvertently affected his career as an oncologist in that it prevents him from focusing on the complex and detailed tasks required by his profession.

## COUNT I – NEGLIGENCE
### Defendants Hyatt and Tysons Corner

19. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully pleaded herein.

20. At all times relevant to this action, Defendants Hyatt and Tysons Corner owned and/or operated the Premises where Plaintiff sustained his injuries.

21. The Premises were offered to the public for accommodations and lodging.

22. As such, Plaintiff was an invitee of Defendants Hyatt and Tysons Corner on October 21, 2017.

23. As the owner and/or operator of said Premises, Defendants Hyatt and Tysons Corner and their agents and employees had a duty to use the utmost care in maintaining the Premises in a safe condition; to make inspections to determine whether any defects in the smoke detector/fire alarm system existed; to remedy any defects in the smoke detector/fire alarm system in a prompt and safe manner; and to warn the public of any such defects known to, or reasonably discoverable by, Defendants Hyatt and Tysons Corner or their agents, employees, or contractors.

24. Notwithstanding these duties, Defendants Hyatt and Tysons Corner failed to use the utmost care, or even reasonable care, in maintaining the Premises in a safe condition; to make inspections to determine whether any defects in the smoke detector/fire alarm system existed; to remedy any defects in the smoke detector/fire alarm system in a prompt and safe manner; and to warn the public of any such defects known to, or reasonably discoverable by, Defendants Hyatt and Tysons Corner or their agents, employees, or contractors.

25. As a result of Defendants Hyatt and Tysons Corner's negligence, Plaintiff was injured and suffered the following damages: physical pain and mental anguish, past, present, and

that which he may be reasonably expected to suffer in the future; mental anguish, and associated humiliation and embarrassment; inconvenience, past, present, and that which he may reasonably be expected to suffer in the future; medical expenses, past, present, and that which he may be reasonably expected to suffer in the future; lost earnings and loss of earning capacity, past, present, and that which he may be reasonably be expected to suffer in the future; and has otherwise been damaged.

## COUNT II – NEGLIGENCE
### Defendant Helix

26. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully pleaded herein.

27. Upon information and belief, Defendant Helix was the contractor responsible for the installation of the smoke detectors and fire alarm systems on the Premises.

28. Defendant Helix owed a duty of reasonable care to design and/or plan for installation of the smoke detector and fire alarm system so that they would function in a reasonably safe and proper manner.

29. Notwithstanding these duties, Defendant Helix failed to use reasonable care in its installation of the smoke detectors and fire alarm systems on the Premises.

30. Specifically, Defendant Helix installed the smoke detector located in Plaintiff's hotel room in such close proximity to the bathroom that steam coming from the shower would easily trigger false alarms.

31. On October 21, 2017, a false alarm was triggered by steam in Plaintiff's hotel room.

32. As a result of Defendant Helix's negligence, Plaintiff was injured and suffered the following damages: physical pain and mental anguish, past, present, and that which he may be

reasonably expected to suffer in the future; mental disfigurement, deformity, and associated humiliation and embarrassment; inconvenience, past, present, and that which he may reasonably be expected to suffer in the future; medical expenses, past, present, and that which he may be reasonably expected to suffer in the future; lost earnings and loss of earning capacity, past, present, and that which he may be reasonably be expected to suffer in the future; and has otherwise been damaged.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, in the sum of $2,000,000.00 (TWO MILLION DOLLARS) and interest from the date of this accident, pursuant to Virginia Code Section 8.01-383, plus his costs expended herein.

**A JURY TRIAL IS REQUESTED.**

Respectfully Submitted,

TZANN FANG, M.D.

By: _____
Of Counsel

Jonathan E. Halperin – VSB No. 32698
Andrew Lucchetti – VSB No. 86631
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law



## Notice of Service of Process

KOC / ALL
Transmittal Number: 19670046
Date Processed: 04/18/2019

| | |
|---|---|
| **Primary Contact:** | Rita D'Amico<br>Hyatt Hotels Corporation<br>150 N Riverside Plz<br>Fl 14<br>Chicago, IL 60606-1598 |
| **Entity:** | Hyatt Corporation<br>Entity ID Number 0007499 |
| **Entity Served:** | Hyatt Corporation |
| **Title of Action:** | Tzann Fang, MD vs. Hyatt Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Richmond City Circuit Court, VA |
| **Case/Reference No:** | CL19-1978-7 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 04/16/2019 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Jonathan E. Halperin<br>804-527-0100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

To: HYATT CORPORATION
SERVE: CORPORATION SERVICE
COMPANY, REGISTERED AGENT
100 SHOCKOE SLIP, SECOND FLOOR
RICHMOND VA 23219

Case No. 760CL19001978-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, April 12, 2019

Clerk of Court: EDWARD F JEWETT

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: HALPERIN, JONATHAN E
5255 HICKORY PARK DRIVE, STE.B
GLEN ALLEN VA 23059
804.527.0100