# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

TZANN FANG, M.D., :
    **Plaintiff,** :
v. : Case No. 3:19-CV-00362
HYATT CORPORATION, et al. :
    **Defendants.** :

## MEMORANDUM IN SUPPORT OF HYATT CORPORATION AND TYSONS CORNER HOTEL I, LLC'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT

COME NOW Defendants Hyatt Corporation and Tysons Corner Hotel I, LLC ("Hyatt Defendants") by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and in support of their Motion for Leave to a File Third Party Complaint, state as follows:

## BACKGROUND

Plaintiff alleges that on October 21, 2017, he was a guest at the Hyatt Regency Hotel in Tysons, Corner, Virginia (the "Hotel"). That morning, Plaintiff's wife set off the fire alarm in their room, which allegedly caused Plaintiff to develop tinnitus in his ears. The Complaint in this matter was not filed until April 12, 2019 in the Circuit Court for the City of Richmond. The case was then properly removed to this Court.

To date, Plaintiff has not specified the exact alleged defect with the fire detector, fire alarm system, or non-compliance with any applicable code or regulation. Rather, Plaintiff generally alleged a defect and has not provided substantive discovery responses which explain the basis for these allegations.

1

The Hyatt Defendants are the owners and operators of the Hotel, but had no involvement in the design of the building, construction of the building, design of the fire alarm system, or manufacturing of the fire detectors. They did not make any decisions regarding the placement of the fire detectors, the overall design of the fire alarm system, or the use of the chosen fire detectors. On July 30, 2019, this Court entered an order that required any motions for joinder of additional parties were to be made within fifteen (15) days of entry of the order.

## ARGUMENT

The Hyatt Defendants are not liable for defects to the fire alarm system or fire detectors. Rather, the Hyatt Defendants intend to rely upon indemnification provisions and duties imposed by law on RTKL Architects, Harvey-Cleary Builders, Inc., Blum Consulting Engineers, Johnson Controls, Inc. f/k/a Tyco SimplexGrinnell, and Code Consultants, Inc.

Federal Rule of Civil Procedure 14 permits a defendant to implead a "nonparty who is or may be liable to it for all or part of the claim against it." *Fed. R. Civ. P. 14(a)(1)*. If a defendant wishes to serve a third-party complaint in excess of fourteen days (14) after serving its original answer, leave from court is required. *Id.* However, Rule 14 is to be liberally construed to promote the interest of judicial economy. *Noland Co. v. Graver Tank & Mfg. Co.,* 301 F.2d 43, 50 n.10 (4th Cir. 1962). Specifically, the Court should permit the impleader of a nonparty if it will "prevent duplication of suits based on closely related matters." *Dishong v. Peabody Corp.,* 219 F.R.D. 382, 385 (E.D. Va. 2003). Other factors the Court should consider are the prejudice to the Plaintiff, any delay in joining the additional parties, and the relatedness of the third-party complaint to the original complaint. *Duke v. Reconstruction Fin. Corp.,* 209 F.2d 204, 209 (4th Cir. 1954).

2

In the present suit, we are still early in the litigation process. The parties had their Initial Pre-Trial Conference on July 30, 2019, and only initial discovery requests have been exchanged. No depositions or site visits have been taken, and trial is set for late February 2020. Adding additional parties as this early stage will give all parties enough time to complete discovery and will not cause the parties to duplicate any efforts. Also, there is no prejudice to the Plaintiff. Adding these additional parties should not delay these proceedings and Plaintiff has consented to this Motion.

Despite having to seek leave to file a Third Party Complaint, this Motion complies with the Court's Initial Pre-Trial Order, and therefore, is timely. The parties have discussed in good-faith adding additional parties and presented this possibility to the Court at the Initial Pre-Trial Conference.

Finally, the Hyatt Defendants' Third-Party Complaint is directly related to the allegations raised in Plaintiff's Complaint. Plaintiff asserts there was a defect with either the fire alarm system and/or fire detectors. The Hyatt Defendants' Third-Party Complaint will add parties who played a role in the design and/or manufacturing of the fire alarms and fire alarm system in question. Adding these additional parties does not complicate this litigation because no additional issues or questions of law are incorporated. Therefore, in the interest of judicial economy and this Court's Initial , the Hyatt Defendants' Motion for Leave to File a Third Party Complaint should be granted.

WHEREFORE, for the foregoing reasons, the Hyatt Defendants respectfully request that their Motion for Leave to File a Third Party Complaint be granted.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

*/s/ Michael Trumble*
Michael L. Pivor, Esq. (VSB #75312)
Michael Trumble, Esq. (VSB #91133)
1233 20th Street, N.W., 8th Floor
Washington, DC 20036
(202) 712-7000 [tel]
(202) 712-7100 [fax]
mpivor@bonnerkiernan.com
mtrumble@bonnerkiernan.com
*Counsel for Hyatt Corporation and Tysons Corner Hotel I, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2019, a true copy of the foregoing was served on all parties, via this Court's electronic filing system.

*/s/ Michael Trumble*
Michael Trumble