IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TZANN FANG, M.D.,

    **Plaintiff,**

v.                                                           Civil Action No. 3:19cv362

HYATT CORPORATION, *et al.*,

    **Defendants.**

## NOTICE

This matter comes before the Court on Defendants Hyatt Corporation and Tysons Corner Hotel I, LLC (collectively, the "Hyatt Defendants") "Statement Regarding Personal Jurisdiction" (the "Statement"). (ECF No. 30.)

Previously, the Hyatt Defendants filed a Motion for Leave to File Third-Party Complaint (the "Hyatt Motion"), (ECF No. 26). In the Hyatt Motion, the Hyatt Defendants, pursuant to Federal Rule of Civil Procedure 14(a),[1] sought leave to file a third-party complaint against: Johnson Controls, Inc. f/k/a Tyco SimplexGrinnell; Blum Consulting Engineers, Inc.; RTKL Architects; Harvey-Cleary Builders; and, Code Consultants, Inc.

On August 20, 2019, the Court issued a notice and required Defendant Helix Electric, Inc. and the Hyatt Defendants to file separate statements showing the basis for subject matter

---

[1] Rule 14(a) states:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a). The Hyatt Defendants filed their motion more than 14 days after serving their original answers.

jurisdiction over each of their proposed claims. (Aug. 20, 2019 Notice, ECF No. 28.) It also ordered the Hyatt Defendants to file their proposed Third-Party Complaint. Both Helix and the Hyatt Defendants timely complied with the Court's Notice.

In their statement, however, the Hyatt Defendants stated "Tysons Corner Hotel I, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal office located in the State of California. No members of Tysons Corner Hotel I, LLC are citizens of Virginia."[2] (Hyatt Defs. Statement ¶ 3, ECF No. 30.) Without identifying each LLC member and that member's citizenship, Tysons Corner Hotel I, LLC fails to provide all the information necessary for the Court to determine whether it possesses subject matter jurisdiction over the Hyatt Defendants' proposed claims.[3] *See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (stating that "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004))).

---

[2] Previously, the Hyatt Corporation and Tysons Corner Hotel Plaza, LLC—an entity previously involved in this litigation, but which the Court has dismissed—represented that "Tysons Corner Hotel I, LLC is a Delaware Corporation with its principal office in Santa Monica, California." (Consent Mot. Party Substitution ¶ 6, ECF No. 15.) For this reason, the Court stated in its August 20, 2019 Notice that "Tysons Corner Hotel I, LLC is a citizen of Delaware and California." (Aug. 20, 2019 Notice 2 n.2, ECF No. 28.)

[3] This Court exercises jurisdiction over the claims in Fang's Complaint, (ECF No. 1-3), pursuant to 28 U.S.C. § 1332(a)(1). Because the Court exercises jurisdiction solely on the basis of diversity jurisdiction, the Court cannot exercise supplemental subject matter jurisdiction over

The Court cannot grant the Hyatt Motion on the existing record. For this reason, the Hyatt Defendants SHALL file a statement no later than close of business on August 30, 2019, showing the basis for subject matter jurisdiction over each of their proposed claims.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/26/2019
Richmond, Virginia

---

the claims the Hyatt Defendants proposed unless they can show satisfaction of each of the requirements of § 1332(a)(1), including diversity of the parties. *See* 28 U.S.C. § 1367(b).