**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **HELIX ELECTRIC, INC.,** )<br>)<br>      **Third-Party Plaintiff,** )<br>)<br>v. )<br>)<br>**JOHNSON CONTROLS, INC. f/k/a** )<br>**TYCO SIMPLEXGRINNELL,** )<br>)<br>SERVE:  CT Corporation System, Registered Agent, )<br>             4701 Cox Rd., Suite 285 )<br>             Glen Allen, VA  23060 )<br>)<br>And )<br>)<br>**BLUM CONSULTING ENGINEERS, INC.,** )<br>)<br>SERVE:  CT Corporation System, Registered Agent, )<br>             4701 Cox Rd., Suite 285 )<br>             Glen Allen, VA  23060 )<br>)<br>      **Third-Party Defendants.** ) | Case No.: 3:19-cv-00362 |

**THIRD-PARTY COMPLAINT**

COMES NOW Third-Party Plaintiff, Helix Electric, Inc. ("Helix" or "Third-Party Plaintiff"), by counsel, pursuant to Rule 14 of the Federal Rules of Civil Procedure, and moves for judgment against Third-Party Defendants Johnson Controls, Inc. f/k/a Tyco SimplexGrinnell ("SimplexGrinnell") and Blum Consulting Engineers, Inc. ("Blum") (collectively "Third-Party Defendants") on the grounds and in the amounts as hereafter set forth, and in support of its Third-Party Complaint states as follows:

**PARTIES AND JURSDICTION**

1.      SimplexGrinnell is a Wisconsin corporation authorized to transact

business in the Commonwealth of Virginia. Its registered agent is CT Corporation System, located at 4701 Cox Rd., Ste. 285, Glen Allen, VA 23060.

2. Blum is a Texas corporation authorized to transact business in the Commonwealth of Virginia. Its registered agent is also CT Corporation System.

3. This Court has personal jurisdiction over Simplex and Blum pursuant to Va. Code § 8.01-328.1, as entities having transacted business, having contracted to supply services or things, and/or having caused tortious injury by act or omission in the Commonwealth of Virginia.

4. The Court already has subject matter jurisdiction over the underlying claim giving rise to this Third-Party Complaint, *Tzann Fang v. Hyatt Corporation et al.*, Case No. 3:19-cv-00362. The parties to this third-party action are diverse and the controversy between them arises from the same case or controversy as *Fang v. Hyatt et al.* The Court therefore has subject matter jurisdiction over this claim pursuant to both 28 U.S.C § 1332 and 28 U.S.C § 1367.

5. On April 12, 2019, Plaintiff Tzann Fang ("Plaintiff") filed a Complaint against Helix and other named Defendants in the Circuit Court for the City of Richmond.

6. In his Complaint, Plaintiff alleges negligence against Helix in installing the smoke detectors and fire alarm systems in the Plaintiff's hotel room. Specifically, Plaintiff alleges that Helix installed a smoke detector too close to the bathroom, such that steam from the shower triggered a false alarm.

7. The Plaintiff further alleges in his Complaint that as a direct and proximate result of such negligence, he was caused to suffer serious and permanent bodily injuries, and moves against the Defendants, jointly and severally, in the amount of

$2,000,000.00.

8. The Defendants timely and properly removed the action to this Court, and Helix obtained leave and filed an Answer to Plaintiff's Complaint denying any and all allegations of liability against it.

## COUNT I – EQUITABLE INDEMNIFICATION
## HELIX V. BLUM

9. Helix hereby incorporates by reference the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10. Blum prepared the engineering design plans for the subject fire alarm system. The plans specifically detailed where the smoke detectors and other components of the fire alarm system should be located in the hotel guest rooms.

11. Blum owed a duty to use reasonable care in preparing the engineering design plans for the subject fire alarm system so that it would function in a reasonably safe and proper manner.

12. Helix installed the subject smoke detectors and fire alarms system in compliance with the engineering design plans prepared by Blum and exercised no discretion of its own in determining the location of any smoke detectors or other components of the fire alarm system in the hotel guest rooms.

13. Although Helix denies that the alarm system was defective in its manufacture, design, or installation, to the extent that it is determined that the design of the fire alarm system was negligent, then Blum breached its duty of care and it was Blum's negligence in the performance of its work, including the preparation of the engineering design plans, that was the direct and proximate cause of the Plaintiff's claimed damages, if any.

14. Helix did not actively participate in the design of the alarm system including the determination as to the placement of the smoke detectors or other component parts such as the horns, sprinklers, strobes, etc.

15. The Plaintiff's alleged damages were not the result of any negligence or wrongdoing on the part of Helix, as Helix was free of any negligence or wrongdoing.

16. In the alternative, Helix was only passively, rather than actively negligent in failing to discover the defective design of the alarm system and engineering plans prepared by Blum.

17. Should the Plaintiff's claim against Helix be successful, such would constitute a legally enforceable claim against Helix to pay damages, costs, and interest incurred as a direct and proximate result of Blum's negligent acts or omissions.

18. Although Helix denies that it was negligent in any manner, denies all allegations made by the Plaintiff against it, and denies that it is liable to the Plaintiff, should Helix be found liable to Plaintiff for the damages sought, then Blum is liable to Helix for any judgment entered against it in this matter.

19. For these reasons, Helix is entitled to equitable indemnification from Blum for any damages which may be awarded against Helix, including interest, expenses and costs.

## COUNT II – EQUITABLE INDEMNIFICATION
## HELIX V. SIMPLEXGRINNELL

20. Helix hereby incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. SimplexGrinnell prepared the shop drawings for the subject fire alarm

system and manufactured and/or sold the component parts.

22. The shop drawings prepared by SimplexGrinnell specifically detailed where the smoke detectors and other components of the fire alarm system should be located in the hotel guest rooms.

23. SimplexGrinnell owed a duty to use reasonable care in the manufacture and/or sale of the component parts of the fire alarm system and in preparing the shop drawings for the subject fire alarm system so that it would function in a reasonably safe and proper manner.

24. Helix installed the subject smoke detectors and fire alarms system in compliance with the shop drawings prepared by SimplexGrinnell and exercised no discretion of its own in determining the location of any smoke detectors or other components of the fire alarm system in the hotel guest rooms.

25. Although Helix denies that the alarm system was defective in its manufacture, design, or installation, to the extent that it is determined that the design or manufacture of the fire alarm system was negligent, then SimplexGrinnell breached its duty of care and it was SimplexGrinnell's negligence in the performance of its work, including the preparation of the shop drawings, that was the direct and proximate cause of the Plaintiff's claimed damages, if any.

26. Helix did not actively participate in the design of the alarm system including the determination as to the placement of the smoke detectors or other component parts such as the horns, sprinklers, strobes, etc.

27. The Plaintiff's alleged damages were not the result of any negligence or wrongdoing on the part of Helix, as Helix was free of any negligence or wrongdoing.

28. In the alternative, Helix was only passively, rather than actively negligent in failing to discover the defective design of the alarm system and shop drawings prepared by SimplexGrinnell.

29. Should the Plaintiff's claim against Helix be successful, such would constitute a legally enforceable claim against Helix to pay damages, costs, and interest incurred as a direct and proximate result of SimplexGrinnell's negligent acts or omissions.

30. Although Helix denies that it was negligent in any manner, denies all allegations made by the Plaintiff against it, and denies that it is liable to the Plaintiff, should Helix be found liable to Plaintiff for the damages sought, then SimplexGrinnell is liable to Helix for any judgment entered against it in this matter.

31. For these reasons, Helix is entitled to equitable indemnification from SimplexGrinnell for any damages which may be awarded against Helix, including interest, expenses and costs.

### COUNT III – CONTRIBUTION
### HELIX V. BLUM

32. Helix hereby incorporates by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. Based upon the foregoing allegations, Helix and Blum owed a common obligation to the Plaintiff.

34. Although Helix denies that the alarm system was defective in its manufacture, design, or installation, to the extent that it is determined that the design of the fire alarm system was negligent, then Blum breached its duty of care and it was

Blum's negligence in the performance of its work, including the preparation of the engineering design plans, that was the direct and proximate cause of the Plaintiff's claimed damages, if any.

35. Although Helix denies that it was negligent in any manner, denies all allegations made by the Plaintiff against Helix, and denies that it is liable to the Plaintiff, should Helix be found liable to the Plaintiff for the damages sought, then Blum is liable to Helix in contribution for part of any judgment entered against Helix.

36. For these reasons, Helix is entitled to contribution from Blum in part for the amount of damages which may be awarded against Helix including interest, expenses and costs.

## COUNT IV – CONTRIBUTION
## HELIX V. SIMPLEXGRINNELL

37. Helix hereby incorporates by reference the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. Based upon the foregoing allegations, Helix and SimplexGrinnell owed a common obligation to the Plaintiff.

39. Although Helix denies that the alarm system was defective in its manufacture, design, or installation, to the extent that it is determined that the design or manufacture of the fire alarm system was negligent, then SimplexGrinnell breached its duty of care and it was SimplexGrinnell's negligence in the performance of its work that was the direct and proximate cause of the Plaintiff's claimed damages, if any.

40. Although Helix denies that it was negligent in any manner, denies all allegations made by the Plaintiff against Helix, and denies that it is liable to the Plaintiff,

should Helix be found liable to the Plaintiff for the damages sought, then SimplexGrinnell is liable to Helix in contribution for part of any judgment entered against Helix.

41. For these reasons, Helix is entitled to contribution from SimplexGrinnell in part for the amount of damages which may be awarded against Helix including interest, expenses and costs.

WHEREFORE, the Third-Party Plaintiff, Helix Electric, Inc., respectfully requests that this Court find the Third-Party Defendants, Johnson Controls, Inc. f/k/a Tyco SimplexGrinnell and Blum Consulting Engineers, Inc., jointly and severally liable in indemnity and/or contribution for any judgment Plaintiff may obtain against Helix, award its attorney's fees and costs in this behalf expended, and grant such other and further relief as this Court deems just and proper.

HELIX ELECTRIC, INC.

/s/ Janeen B. Koch
Janeen B. Koch, Esq. (VSB#: 37763)
Henry U. Moore, Esq. (VSB#: 93681)
KPM LAW, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Telephone: (804) 320-6300
Facsimile: (804) 320-6312
E-Mail: janeen.koch@kpmlaw.com
henry.moore@kpmlaw.com
*Counsel for Defendant Helix Electric, Inc.*

**CERTIFICATE**

I hereby certify that a true and accurate copy of the foregoing *Third-Party Complaint* was sent this 4th day of September, 2019, via electronic mail using the Court's ECF system to:

    Jonathan Halperin, Esq. (VSB#: 32698)
    Andrew Lucchetti, Esq. (VSB#: 86631)
    Isaac A. McBeth, Esq. (VSB#: 82400)
    Halperin Law Center, LLC
    5225 Hickory Park Drive, Suite B
    Glen Allen, Virginia 23059
    Telephone:   (804) 527-0100
    Facsimile:   (866) 335-1502
    Email:   jonathan@hlc.law
           andrew@hlc.law
           isaac@hlc.law
*Counsel for Plaintiff*

    Sean C. O'Hara, Esquire (VSB #82479)
    Michael Pivor, Esquire (VSB #75312)
    Michael Trumble, Esquire (VSB #91133)
    Bonner Kiernan Trebach & Crociata, LLP
    1233 20th Street, NW, Suite 800
    Washington, DC 20036
    Telephone:   (202) 712-7000
    Facsimile:   (202) 712-7100
    Email:   sohara@bonnerkiernan.com
           mpivor@bonnerkiernan.com
           mtrumble@bonnerkiernan.com
*Counsel for Defendants Hyatt and Tysons Corner Hotel I, LLC*

                                /s/ Janeen B. Koch