IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TZANN FANG, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HYATT CORPORATION, et al., )<br>)<br>Defendants. )<br>_____) <br>)<br>HYATT CORPORATION, et al., )<br>)<br>Third-Party Plaintiffs, )<br>)<br>v. )<br>)<br>HARVEY-CLEARY BUILDERS, et al., )<br>)<br>Third-Party Defendants. ) | Case No. 3:19-CV-00362-MHL |

**THIRD PARTY DEFENDANT CODE CONSULTANTS, INC'S
<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Third Party Defendant Code Consultants, Inc. ("CCI"), by counsel, submits the following memorandum of law in support of its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed herewith.

**INTRODUCTION**

Tzann Fang, M.D. ("Fang") originally brought suit in state court against Hyatt Corporation, Tysons Corner Hotel Plaza and Helix Electric, Inc. (collectively "Defendants") alleging negligence related to the installation and maintenance of the smoke detector in a hotel room Fang and his wife rented in October 2017 at the Hyatt Regency Hotel in Tysons Corner, Virginia. Fang alleges generally that the proximity of the smoke detector to the shower caused

1

steam from the shower to set off the smoke detector, which in turn caused him to suffer pain and intractable tinnitus. Fang alleges that Hyatt Corporation and Tysons Corner Hotel Plaza were negligent in the "maintenance" of the smoke detector in his hotel room and knew or should have known of the hazardous condition on the premises. Complaint at ¶ 23. Fang also alleges that Helix Electric, Inc. was negligent in the "installation" of the smoke detector in his hotel room. Complaint at ¶ 29.

Hyatt Corporation and Tysons Corner Hotel Plaza (collectively "Hyatt") filed a Third-Party Complaint against Harvey-Cleary Builders, Callison RTKL, Inc., Blum Consulting Engineers, Inc., Johnson Controls, Inc. and CCI. Hyatt asserts claims of equitable indemnification and contribution against CCI. Hyatt does not allege that it is merely passively or vicariously liable to Fang or that CCI had any involvement in the maintenance of that smoke detector or operation of the hotel generally. Hyatt only alleges that CCI prepared a fire protection and life safety analysis. Third-Party Complaint at ¶¶ 35-36. Hyatt does not allege sufficient facts in support of its claims.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1994). In addition, a motion to dismiss must be assessed in light of Rule 8's pleading standards, which require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555)." "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). This facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). Although the allegations in the complaint must be taken as true, the Court is "not bound to accept as true a legal conclusion couched a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *see also Iqbal*, 129 S. Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

## DISCUSSION

### I. Hyatt Fails to State a Claim for Equitable Indemnification Against Code Consultants.

Ordinarily, there is no right to indemnity absent a contract so specifying. *VEPCO v. Wilson*, 221 Va. 979, 982, 277 S.E.2d 149, 150 (1981). Virginia law identifies a cause of action for equitable indemnification without the requirement of a contract in one very narrow circumstance: when "a party without personal fault, is nevertheless legally liable for damages caused by the negligence of another." *Carr v. Home Insurance Co.*, 250 Va. 427, 429, 463

3

S.E.2d 457, 458 (1995); *accord  Hanover Ins. Co. v. Corrpro Cos., Inc.,* 312 F. Supp. 2d 816, 821 (E.D.Va.2004).

Hyatt does not and cannot plead sufficient facts to state a claim that it is liable to Fang without fault on account of CCI's negligence.  Fang's Complaint specifically alleges that Hyatt is itself guilty of its own active negligence with regard to the maintenance of the smoke detector in Fang's room and failing to correct a hazard Hyatt knew or should have known about – standard premises liability allegations involving innkeepers and their guests.  The Complaint alleges no set of facts or claims that Hyatt is or could be liable in tort without its own fault but for the fault of CCI.  Complaint at ¶¶ 23-25.  Similarly, Hyatt's Third-Party Complaint alleges no set of facts or claim that Hyatt is liable without fault for the negligence of CCI. *See, e.g.,* Third Party Complaint at ¶ 11 and Count II.  Nor does Hyatt allege that CCI's actions were the cause of Fang's injuries or that CCI was responsible for the maintenance of the smoke detector in Fang's hotel room, the bases of Fang's claims of negligence against Hyatt.  For these reasons, Hyatt does not state a claim for equitable indemnification against CCI upon which relief can be granted.

Hyatt likewise does not and cannot plead the unique procedural requirements for equitable indemnity under Virginia law.  In *Carr* the Court stated that "[a] prerequisite to recovery based on equitable indemnification is the initial determination that the negligence of another person caused the damage. Without that determination, neither the negligent actor nor the innocent party can be held liable for the damages claimed."  250 Va. at 429, 463 S.E.2d at 458.  The Court in *Pulte Home Corp. v. Parex, Inc.* applied this precedent and held that the plaintiff could not win under the law of equitable indemnification because "no determination that

4

any act or omission of [the defendant] caused the damage…." 265 Va. 518, 528-29, 579 S.E.2d 188, 193 (2003).[1] Hyatt does not allege a "determination" of CCI's negligence.[2]

For these reasons, Hyatt fails to state a claim for equitable indemnification under Virginia law.

## II. Hyatt Fails to State a Claim for Contribution Against Code Consultants.

Contribution is an equitable remedy among joint tortfeasors. The Supreme Court of Virginia established that "before contribution may be had it is essential that a cause of action by the person injured lie against the alleged wrongdoer from whom contribution is sought." *VEPCO*, 221 Va. at 981, 277 S.E.2d at 150 (citing *Bartlett v. Roberts Recapping, Inc.*, 207 Va. 789, 792, 153 S.E.2d 193, 196 (1967)). The "inchoate right to contribution" arises at the time of the jointly negligent acts. *Shiflet v. Eller*, 228 Va. 115, 121, 319 S.E.2d 750, 754 (1984).

In Count III of the Third-Party Complaint, Hyatt incorporates all prior allegations by reference and simply states that the Third-Party Defendants were, collectively, responsible for the design, selection, and installation of the fire alarm and/or fire alarm system and would thus be liable for any judgment that may arise from the lawsuit initiated by Fang. Third-Party Complaint at ¶¶ 39-43. In Count II, Hyatt alleges that CCI owed a "duty of care to prepare the fire protection and life safety analysis **for the Hotel**…." Third-Party Complaint at § 35. Hyatt does not allege that Fang has a cause of action against CCI or that CCI owes a common law duty

---

[1] In *Pulte Home Corp.* the Court also noted that the case would not succeed under the framework established in *Virginia Elec. & Power Co. v. Wilson*, 221 Va. 979, 277 S.E.2d 149 (1981) because the claim for indemnity did not arise from a contractual relationship. Similarly, there is no allegation of a contractual relationship between either Hyatt entity and CCI.

[2] Both *Carr* and *Pulte* were decided long after the General Assembly enacted the current version of Va. Code §8.01-281(A) in 1981 to modify third-party practice rules. For purposes of this particular claim, Hyatt must plead both its own "passive" or vicarious" liability to Fang on account of CCI's negligence and satisfaction of that liability before its claim against CCI is ripe.

of care to Fang which would make CCI jointly liable in tort for Fang's alleged damages. Therefore, Hyatt fails to allege a claim for contribution upon which that relief can be granted.

## CONCLUSION

For the foregoing reasons, CCI requests entry of an order dismissing the claims asserted against CCI in Counts II and II of Hyatt's Third-Party Complaint. Because the deficiencies in the pleading are incapable of correction consistent with the good faith pleading rule, dismissal should be with prejudice and without leave to amend.

Respectfully submitted,

**CODE CONSULTANTS, INC.**

By:     /s/ James W. Walker
               Counsel

James W. Walker, Esq. (495552)
Katherine M. Rockwell, Esq. (93733)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Tel: (804) 403-7100
Fax: (804) 403-7110
jwalker@ohaganmeyer.com
krockwell@ohaganmeyer.com
*Counsel for Defendant Code Consultants Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1 day of October, 2019, I served a copy of the foregoing pleading on all counsel of record via the Court's electronic filing system, via electronic mail, and via U.S. Mail, postage prepaid.

                 /s/ James W. Walker
                *Counsel for Code Consultants Inc.*