IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TZANN FANG, M.D., <br><br> Plaintiff, <br><br> v. <br><br> HYATT CORPORATION, et al. <br><br> Defendants. | Case No. 3:19-CV-00362 |
| HYATT CORPORATION <br><br> and <br><br> TYSONS CORNER HOTEL I, LLC <br><br> Third Party Plaintiffs <br><br> v. <br><br> HARVEY-CLEARY BUILDERS, et al. <br><br> Third Party Defendants. | |

**DEFENDANTS/THIRD PARTY PLAINTIFFS HYATT CORPORATION
AND TYSONS CORNER HOTEL I, LLC'S MEMORANDUM IN
<u>OPPOSITION TO CODE CONSULTANT INC.'S MOTION TO DISMISS</u>**

COME NOW Defendants/Third Party Plaintiffs, Hyatt Corporation and Tysons Corner Hotel I, LLC ("Hyatt Parties") by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and file their Opposition to Code Consultant Inc.'s ("CCI") Motion to Dismiss the Third Party Complaint, and in support thereof state as follows:

**I.   INTRODUCTION**

1

On April 12, 2019, Tzann Fang ("Fang") filed a lawsuit against Third Party Plaintiffs in the Circuit Court for the City of Richmond, wherein it is generally alleged that the Third Party Plaintiffs caused Fang personal injuries through their negligent maintenance of a fire alarm and/or fire alarm system at the Hyatt Regency Hotel in Tysons Corner, Virginia ("Hotel"). At issue in this lawsuit is the functionality, placement, and regulatory compliance of the fire alarms and/or fire alarm system at the Hotel. Unfortunately, Plaintiff has been unable to specifically describe the precise negligent conduct, defective product, or negligent placement of the fire detectors and/or fire alarm system. This case was subsequently removed to this Court by consent of all parties.

Fang alleges that his wife took a shower that created a large amount of steam in their hotel room. This steam and the placement of the fire alarm in close proximity to the bathroom is alleged to have caused the fire alarm to activate. Allegedly, this activation caused Plaintiff to develop tinnitus and other related injuries. The Hyatt Parties contracted with a number of entities to construct and design all aspects of the Hotel. Third Party Defendant, CCI, although not in direct privity of contract with the Hyatt Parties, was retained to select, design, and advise on the fire alarms and fire alarm system at the Hotel. The Hyatt Parties filed a Third Party Complaint asserting two causes of action against CCI: (1) equitable indemnification and (2) contribution.

## II.  STANDARD OF REVIEW

A dismissal of a complaint for failure to state a claim upon which relief can be granted is proper if "it is beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 877 (D.C. 1998). The allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff, and if the allegations are sufficient, then the complaint

must not be dismissed. *Id.* In this case, Hyatt Parties have sufficiently pled facts in support of its claims against Third-Party Defendant, CCI, which would entitle it to the relief sought therein. Accordingly, CCI's Motion to Dismiss must be denied.

### III. ANALYSIS

It is undisputed that the Hyatt Parties are simply the owners and operators of the Hotel, and retained the Third Party Defendants (some indirectly) for the purpose of designing, planning, and constructing all aspects of the Hotel. *See Third Party Complaint.* The Hyatt Parties allege that CCI participated in, contributed, and undertook the selection, design, and installation of the fire alarms and/or fire alarm systems at the Hotel. *Third Party Complaint* at ¶ 21. Further, it is alleged that CCI prepared a fire protection and life safety analysis for the Hotel, which included specifications for the fire detectors and the fire alarm system. *Third Party Complaint* at ¶ 32. CCI alleges the Third Party Complaint is insufficiently plead and cannot be amended to correct those deficiencies. These are incorrect conclusions and will be addressed in turn.

#### a. Equitable Indemnification

CCI first asserts that the Third Party Complaint must be dismissed because it fails to plead sufficient facts to state a claim that it (Hyatt Parties) are liable to Fang without fault on account of Code Consultant's negligence. "Equitable indemnification has specifically been allowed where the indemnitee has without fault or only through passive negligence failed to discover . . . a defect in products created or supplied by the [actively negligent] indemnitor." *Williams ex rel. Estate of Williams v. United States,* 469 F. Supp. 2d 339, 343 (E.D. Va. 2007).

In addition to the allegations regarding CCI's involving in the selection, design, and installation of the fire alarm system, the Hyatt Parties allege that CCI owed a duty of care to prepare the fire protection and life safety analysis for the Hotel in accordance with all applicable

laws, regulations, or other governing authorities. *Third Party Complaint* at ¶ 35. The Hyatt Parties further allege that CCI breached that duty of care by failing to prepare their drawings, designs, and plans of the fire alarm system at the Hotel in accordance with all applicable laws, regulations, or other governing authorities. *Third Party Complaint* at ¶ 36. Finally, Hyatt Parties deny all liability to Plaintiff, but allege that if they are found liable to Plaintiff, then CCI must be required to indemnify and hold them harmless. *Third Party Complaint* at ¶ 36. These alleged facts sufficiently support the cause of action that any liability imposed on the Hyatt Parties is without fault on account of CCI's breach of its duty of care. In other words, any liability imposed on the Hyatt Parties is a result of CCI's negligence.

CCI also argues that the Third Party Complaint must be dismissed because it does not allege that CCI's actions were the cause of Fang's injuries or that CCI was responsible for the maintenance of the smoke detector in Fang's hotel room. The latter is not being alleged and therefore will not be addressed. As for the former, the Hyatt Parties alleged that CCI breached their duty of care and should the Hyatt Parties be found liable to Plaintiff, CCI must indemnify them for said breach. CCI seems to argue that the Third Party Complaint should contain a "formulaic recitation of the elements of a cause of action," which goes against the precedent cited in its standard of review. When viewing these allegations and taking into account all reasonable inferences, the Third Party Complaint sufficiently states a claim for equitable indemnification that is plausible on its face.

Finally, CCI asserts that the Hyatt Parties do not and cannot plead the unique procedural requirements for equitable indemnity under Virginia law. Specifically, CCI alleges that in order to bring a claim for equitable indemnification, an initial determination of the negligence of another person must be made. However, pursuant to Va. Code § 8.01-281(A), a claim for

4

indemnification may be based on future potential liability and it shall be no defense that the party asserting such claim has not made a payment. *Level 3 Communs., LLC v. Webb, Inc.*, 2012 U.S. Dist. LEXIS 83557 (E.D.Va 2012)(applying Virginia law to deny third party defendant's motion to dismiss the indemnity claim). Therefore, an initial determination of negligence is not required for this cause of action to be pleaded ,and CCI's Motion to Dismiss should be denied.

    b. Contribution

CCI contends that the Hyatt Parties fail to allege a claim for contribution upon which relief can be granted, because the Third Party Complaint does not allege that Plaintiff could maintain a cause of action against CCI. This alleged pleading requirement is somewhat misguided.

The right of contribution arises when one tort-feasor has paid a claim for which other wrongdoers are also liable. *Nationwide Mut. Ins. Co. v. Jewel Tea Co.*, 202 Va. 527, 118 S.E.2d 646 (1961). The Third Party Complaint alleges that CCI participated in, contributed, and undertook the selection, design, and installation of the fire alarms and/or fire alarm systems at the Hotel. *Third Party Complaint* at ¶ 21. Further, it is alleged that CCI was responsible for the design, selection, and installation of the fire alarm and/or fire alarm system which gave rise to Plaintiff's Complaint. *Third Party Complaint* at ¶ 42. Most importantly, the Third Party Complaint alleges that CCI owed a duty of care and breached said duty in performing these tasks. *Third Party Complaint* at ¶¶ 35-36. As a result of this breach, should the Hyatt Parties be found liable, CCI is liable for its proportionate share of the judgment or settlement. *Third Party Complaint* at ¶ 43. By alleging that CCI owed a duty, breached that duty, and should be found liable if the Hyatt Parties are liable, the Third Party Complaint sufficiently alleges that CCI is a joint tort-feasor.

## IV. CONCLUSION

The Third Party Complaint sufficiently pleads causes of action against CCI for equitable indemnification and contribution. CCI attempts to rely on specific terms or phrases missing from the Third Party Complain, but these arguments are largely based formulaic recitations of the elements of the causes of action. That is not the correct standard to review a Motion to Dismiss. Rather, the Third Party Complaint, when viewed in the light most favorable to the Hyatt Parties, including all reasonable inferences, sufficiently states a cause of action for equitable indemnification and contribution against CCI.

WHEREFORE the Hyatt Parties respectfully request that this Court deny CCI's Motion to Dismiss in its entirety and grant such further relief as the Court deems appropriate.

DATE: October 15, 2019

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ Michael Trumble
Michael L. Pivor, Esq. (VSB #75312)
Michael Trumble, Esq. (VSB #91133)
1233 20th Street, N.W., 8th Floor
Washington, DC 20036
(202) 712-7000 [tel]
(202) 712-7100 [fax]
mpivor@bonnerkiernan.com
mtrumble@bonnerkiernan.com
*Counsel for Hyatt Corporation and Tysons Corner Hotel I, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October, 2019, a true copy of the foregoing was served on all parties, via this Court's electronic filing system.

*/s/ Michael Trumble*
Michael Trumble