IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TZANN FANG, M.D, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HYATT CORPORATION, | ) ) |
| TYSON'S CORNER HOTEL I, LLC, | ) ) |
| Defendants, Third-Party Plaintiffs, | ) ) |
| v. | ) ) Case No. 3:19-CV-00362 |
| HARVEY-CLEARY BUILDERS, | ) ) |
| CALLISONRTKL, INC. (F/K/A RTKL ASSOCIATES), | ) ) ) |
| BLUM CONSULTING ENGINEERS, INC., | ) ) |
| JOHNSON CONTROLS, INC. (F/K/A TYCO SIMPLEXGRINNELL), | ) ) ) |
| CODE CONSULTANTS, INC., | ) ) |
| Third-Party Defendants. | ) ) |

**THIRD-PARTY DEFENDANT BLUM CONSULTING ENGINEERS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO HYATT CORPORATION AND
<u>TYSON'S CORNER HOTEL I, LLC'S THIRD-PARTY COMPLAINT</u>**

COMES NOW Third-Party Defendant Blum Consulting Engineers, Inc. (hereinafter "Blum"), by Counsel, and answers the Third-Party Complaint of Hyatt Corporation and Tyson's Corner Hotel I, LLC (together, "Hyatt") (D.I. #41) as follows, pursuant to Fed. R. Civ. P. 8(b). Unless specifically admitted herein, all allegations are denied.

1

## Parties, Jurisdiction & Venue

1. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 1.

2. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 2.

3. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 3.

4. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 4.

5. Paragraph 5 is admitted.

6. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 6.

7. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 7.

8. Paragraph 8 calls for legal conclusions that require no response from Blum.

9. Paragraph 9 calls for a legal conclusion that requires no response from Blum.

## Facts

10. In response to Paragraph 10, Blum hereby incorporates by reference its answers in Paragraphs 1-9 as if fully set forth herein.

11. In response to Paragraph 11, based upon information available through public court records, Blum admits that Plaintiff filed a lawsuit against Third-Party Plaintiffs in the Circuit Court for the City of Richmond on April 12, 2019, and that it was subsequently

removed to this Court. The allegations of Plaintiff's Complaint speak for themselves and therefore no answer is required for the rest of Paragraph 11.

12. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated within the first sentence of Paragraph 12. The third sentence of Paragraph 12 is denied as to Blum; Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in this sentence as to the other parties.

13. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated within Paragraph 13.

14. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 14.

15. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, but the document in Exhibit B to the Third-Party Complaint speaks for itself.

16. No response is required of Blum as to Paragraph 16.

17. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 17, though it is aware, upon information and belief, that RTKL was the architect on the project.

18. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated Paragraph 18.

19. Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, but the document in Exhibit C to the Third-Party Complaint speaks for itself.

20. No response is required of Blum as to Paragraph 20.

21. Blum denies the allegations of Paragraph 21, as worded. Blum admits that it prepared certain engineering documents for the subject project, but avers that the selection, design, and installation for the fire alarms and/or fire alarm system was delegated to Helix and its subcontractor, Johnson Controls, Inc. f/k/a Tyco SimplexGrinnell.

**Count I – Contractual Indemnification (Harvey-Cleary Builders and CallisonRTKL)**

22. The allegations stated in Paragraphs 22-28 of Hyatt's Third-Party Complaint do not pertain to Blum and therefore no response is required.

**Count II – Equitable Indemnification (Blum, SimplexGrinnell, Code Consultants)**

23. In response to Paragraph 29, Blum hereby incorporates by reference its answers in Paragraphs 1-22 as if fully set forth herein.

24. Blum denies the allegations of Paragraph 30, and incorporates its answer in Paragraph 21, above.

25. At present, Blum lacks knowledge or information sufficient to form a specific belief as to the truth of the allegations stated in Paragraph 31. In general, Blum understands that SimplexGrinnell was involved in the selection, design and installation of the fire alarm system.

26. At present, Blum lacks knowledge or information sufficient to form a specific belief as to the truth of the allegations stated in Paragraph 32. In general, Blum understands that Code Consultants was involved in the work described in Paragraph 32.

27. The allegations stated in Paragraph 33 call for a legal conclusion that requires no response from Blum. To the extent a response is necessary, Blum denies the allegations of Paragraph 33, and incorporates its answer in Paragraph 21, above.

28. The allegations stated in Paragraph 34 call for a legal conclusion that requires no response from Blum.

29. The allegations stated in Paragraph 35 call for a legal conclusion that requires no response from Blum.

30. The allegations in Paragraph 36 call for a legal conclusion that requires no response from Blum. To the extent a response is necessary, Blum denies the allegations in Paragraph 36, and incorporates its answer in Paragraph 21, above.

31. As to itself, Blum denies the allegations of Paragraph 37, and incorporates its answer in Paragraph 21, above. As to the other parties, at present, Blum lacks knowledge or information sufficient to form a specific belief as to the truth of the allegations stated in Paragraph 37.

32. The allegations in Paragraph 38 call for a legal conclusion that requires no response from Blum. To the extent a response is necessary, Blum denies that it must indemnify and hold harmless Third-Party Plaintiffs for any judgment of liability to Plaintiff, or any costs associated therewith. Blum denies Third-Party Plaintiffs are entitled to the relief sought in the "Wherefore" clause of Count II.

### Count III-Contribution (All Third-Party Defendants)

33. In response to Paragraph 39, Blum hereby incorporates by reference its answers in Paragraphs 1-32 as if fully set forth herein.

34. In response to Paragraph 40, Blum admits that Plaintiff filed a lawsuit against Third-Party Plaintiffs in the Circuit Court of Richmond, based upon information available through public court records. The allegations of Plaintiff's Complaint speak for themselves and therefore no answer is required for the rest of Paragraph 40.

5

35. The allegations of Plaintiff's Complaint, the document appearing as Exhibit A, speak for themselves and therefore no answer is required for Paragraph 41.

36. As to itself, Blum denies the allegations of Paragraph 42, and incorporates its answer in Paragraph 21, above.

37. The allegations stated in Paragraph 43 call for legal conclusions that require no response from Blum. To the extent a response is deemed necessary, Blum denies it is liable to Third-Party Plaintiffs to pay any share of a judgment and/or settlement that Plaintiff may obtain from Third-Party Plaintiffs, or any costs associated therewith; Blum lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 43 as to the other parties. Blum denies Third-Party Plaintiffs are entitled to the relief sought in the "Wherefore" clause of Count III from Blum.

## **AFFIRMATIVE DEFENSES**

1. Hyatt's Third-Party Complaint fails to state a claim against Blum upon which relief can be granted.

2. There has been no determination of negligence on the part of Hyatt or Blum that would support a claim of equitable indemnification under Virginia law.

3. Hyatt fails to state a viable claim for equitable indemnification.

4. Blum is not liable for contribution, because Blum did not breach a duty to Plaintiff that was an actual and proximate cause of Plaintiff's alleged injuries.

5. Plaintiff and Hyatt's damages, if any, were caused solely by the acts or omissions of other individuals or entities not under the supervision or control of Blum.

6. Hyatt fails to state a claim for attorneys' fees as claimed in Count II and Count III.

29623/1/9052885v1

7. Blum reserves the right to assert and rely on any other defenses that may arise through discovery or at trial.

WHEREFORE, having fully answered, Third-Party Defendant Blum respectfully requests that this matter against it be dismissed with prejudice and that the Court provide such costs, attorneys' fees, and other relief the Court deems just and proper.

Respectfully Submitted,

BLUM CONSULTING ENGINEERS, INC.

By: /s/ Spencer M. Wiegard
        Of Counsel

K. Brett Marston (VSB No. 35900)
marston@gentrylocke.com
Spencer M. Wiegard (VSB No. 68788)
swiegard@gentrylocke.com
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
FAX: (540) 983-9400

*Counsel for Blum Consulting Engineers, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2019, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ Spencer M. Wiegard