### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TZANN FANG, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HYATT CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | Case No. 3:19-CV-00362-MHL |
| ) | |
| HYATT CORPORATION, et al., ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| HARVEY-CLEARLY BUILDERS, et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

### RULE 30(b)(6) NOTICE OF DEPOSITION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Third-Party Defendant Code Consultants, Inc., will take the deposition of **Hyatt Corporation** for purposes of discovery and/or use at the hearing and trial of this matter, before the proper authority on **Tuesday, December 17, 2019 at 9:00 a.m.** at the offices of Kalbaugh Pfund & Messersmith, P.C., 901 Moorefield Park Drive, Suite 200, Richmond, VA 23236.  Hyatt Corporation is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of Hyatt Corporation concerning the subject matter described below.

### TOPIC

1. The name and/or employer of the person or persons who decided what type of smoke detector and fire alarm system should be installed in the guest room in which Dr. Fang claims he was injured, or in Hotel guest rooms generally, including a full accounting of all facts and a description of every document upon which the deponent base his/her testimony.

2. The name and employer of the person or persons who decided where the smoke detector and fire alarm system should be installed in the guest room in which Dr. Fang claims he was injured, or in Hotel guest rooms generally, including a full accounting of all facts and a description of every document upon which the deponent base his/her testimony.

3. Any and all plans, details, specifications or other documents issued for construction in which the type of smoke detector and fire alarm system to be used in Hotel guest rooms is specified.

4. Any and all plans, details, specifications or other documents issued for construction in which the installation location of smoke detector and fire alarm system to be used in hotel guest rooms is specified.

5. The date, time for every occasion in which the smoke detector and fire alarm system in the guest room occupied by Dr. Fang on October 21, 2017 was activated by steam from the guest room shower, and a description of the logs, reports or other documents recording or relating to each such event.

6. The date, time for every occasion in which the smoke detector and fire alarm system in any guest room in the Hotel was activated by steam from a guest room shower, and a description of the logs, reports or other documents recording or relating to each such event.

7. The date and details of any complaint from any person about the activation of a smoke detector and fire alarm system in a Hotel guest room as a result of steam from the shower.

8. The date and details of any complaint from any person about the volume, pitch or frequency of a smoke detector and fire alarm system in a Hotel guest room, regardless of the reason for activation.

9. The factual basis for your allegations in Paragraphs 35 and 36 of the Third-Party Complaint that CCI breached a duty of care "to prepare the fire protection and life safety analysis for the Hotel" by "failing to prepare [the] respective drawings, designs, plans, and/or supply components of the fire alarm system at the Hotel."

10. The factual basis for your allegations in Paragraph 42 of the Third-Party Complaint that CCI was "responsible for the design, selection, and installation of the fire alarm and/or fire alarm system which gave rise to Fang's lawsuit."

11. Each and every detail, drawing number, sheet number, specification section, ASI, Construction Change Directive, change order, RFI and response, field directive or other document in which CCI "selected" the smoke detector and fire alarm system that was installed in hotel room in which Dr. Fang claims he was injured, or in guest rooms generally.

12. Each and every detail, drawing number, sheet number, specification section, ASI, CCD, field directive or other document in which CCI "designed" the smoke detector and fire alarm system that was installed in hotel room in which Dr. Fang claims he was injured, or in guest rooms generally.

13. Each and every detail, drawing number, sheet number, specification section, ASI, Construction Change Directive, change order, RFI and response, field directive or other

document in which CCI identified the location where smoke detectors and fire alarm systems should be installed in hotel guest rooms, including the guest room in which Dr. Fang claims he was injured.

14. All actions the deponent took to maintain, test and inspect the fire alarm and/or smoke detector at issue in the Fang Complaint.

15. Any and all communication or interaction at any time between the deponent and Code Consultants, Inc. in regards to any topic in this Notice.

Respectfully submitted,

**CODE CONSULTANTS, INC.**

By: _____/s/ James W. Walker_____
              Counsel

James W. Walker, Esq. (29257)
Katherine M. Rockwell, Esq. (93733)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Tel: (804) 403-7100
Fax: (804) 403-7110
jwalker@ohaganmeyer.com
krockwell@ohaganmeyer.com
*Counsel for Code Consultants Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of November, 2019, I served a copy of the foregoing pleading on all counsel of record via the Court's electronic filing system, via electronic mail, and via U.S. Mail, postage prepaid.

                                                  /s/ James W. Walker
                                       *Counsel for Code Consultants Inc.*